MATTER OF RIVERO-DIAZ

In Exclusion Proceedings

A-13312077

*Decided by Board September 29, 1967*

Applicant, admitted founder and spokesman or chief of propaganda of the Cuban Nationalist Association, who has been active in Canada and has condoned or encouraged such activity in the United States, is inadmissible under section 212(a)(27) of the Immigration and Nationality Act as one who seeks to enter solely, principally or incidentally to engage in activities prejudicial to the public interest, and under section 212(a)(29) of the Act as one who, after entry, probably would engage in activities subversive to the national security.

EXCLUDABLE: Act of 1952—Section 212(a)(27) [8 U.S.C. 1182(a)(27)]—Seeks to enter the United States solely, principally or incidentally to engage in activities which would be prejudicial to the public interest, or endanger the welfare, safety or security of the U.S.

Act of 1952—Section 212(a)(28)(F) [8 U.S.C. 1182(a)(28)(F)]—Advocates and is a member of organization (Cuban Nationalist Association) which advocates (a) the duty, etc., of the unlawful assaulting or killing of any officer, etc., of an organized government, because of official character, (b) unlawful damage, injury or destruction of property.

Act of 1952—Section 212(a)(29) [8 U.S.C. 1182(a)(29)]—After entry, probably would engage in activities subversive to the national security.

ON BEHALF OF APPLICANT:
Gino P. Negretti, Esquire
912 Congress Building
Miami, Florida 33132
    and
Jack King, Esquire
1150 S.W. 1st Street
Miami, Florida 33130

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney
(Brief filed)

The case comes forward on appeal from the order of the special inquiry officer entered July 11, 1967 finding the applicant excludable on all of the grounds stated above and ordering him excluded and deported from the United States.

The applicant is a native and citizen of Cuba, 43 years old, male, who arrived in the United States on December 24, 1962 and was admitted on parole under the provisions of section 212(d)(5) of the Immigration and Nationality Act, 8 U.S.C. 1182(d)(5). His parole was revoked on May 12, 1967. He was then referred to a special inquiry officer for a hearing in exclusion proceedings pursuant to section 236 of the Immigration and Nationality Act, 8 U.S.C. 1226. A challenge to the propriety of exclusion proceedings was made by the applicant who claimed he made an entry subsequent to his parole into the United States, having departed from the United States by boat on October 10, 1966, proceeded to Cuba, and then reentered without inspection on October 15, 1966. The special inquiry officer on June 2, 1967 denied the applicant's motion for termination of the exclusion proceedings on the ground of want of jurisdiction. This Board on June 26, 1967 dismissed the appeal from the special inquiry officer's decision on the preliminary question of jurisdiction and remanded the case for a determination on the merits.

Under the provisions of section 291 of the Immigration and Nationality Act the burden of proof is upon the applicant for admission to establish that he is not subject to exclusion under any provision of the Act. Counsel concedes that the burden is upon the applicant to establish that he is not excludable from admission to the United States. He maintains in connection with the appeal that the decision of the special inquiry officer is contrary to the law and the evidence of the case. The burden of proof never shifts and is always on the applicant; and where the evidence is of equal probative weight, the party having the burden of proof cannot prevail. *Matter of M—*, 3 I. & N. Dec. 777, 781. It follows that the applicant must establish admissibility by at least a preponderance of the evidence.

The special inquiry officer has written a long and exhaustive opinion setting forth the evidence in almost microscopic detail. In addition, the appellate trial attorney has filed an extensive brief. It is believed that no purpose would be served in restating the contents of the decision of the special inquiry officer or of the brief of the appellate trial attorney. The applicant is the admitted founder of the Cuban Nationalist Association. He maintains his anti-Castroite and anti-Communist declarations and activities were expressions of his opinions and as a spokesman or chief of propaganda of the group. However, it is concluded on the basis of the testimony of the agents of the Federal Bureau of Investigation, the applicant's own testimony and activities, and other evidence contained in the record that it has been established that the applicant is comprehended within the proscription of sections 212(a)(27) and 212(a)(29) of the Immigration and Nationality

Act. Inasmuch as we sustained these two grounds of inadmissibility, we make no finding with respect to the second ground of inadmissibility under section 212(a)(28)(F) of the Immigration and Nationality Act based on his advocacy and membership in an organization, the Cuban Nationalist Association (C.N.A.) because of the evidence relating to autonomous cells.

The applicant has never been admitted to the United States for permanent residence, but was admitted on parole which has been revoked. In the same circuit in which the present case arises, the court has held that there is no right to a hearing on revocation of parole.[1]

There is a paucity of legislative history and persuasive precedent on the meaning and scope of the so-called subversive provisions of the Immigration and Nationality Act. Paragraphs (27), (28) and (29) of section 212(a) incorporate the provisions of section 1 of the Act of October 16, 1918 as amended by section 22 of the Subversive Activities Control Act of 1950 relating to the exclusion of subversives. Section 22 of the 1950 Act had been rewritten to strengthen the provisions of the Act of October 16, 1918. The 1952 Immigration and Nationality Act was designed to greatly strengthen the law as a means of barring from this country those who would engage in activities subversive to the national security.[2]

In recent years, the thrust of these exclusions contained in the Act of February 5, 1917, the Act of October 16, 1918, the Act of June 28, 1940 and section 22 of the Internal Security Act of 1950 had been directed almost exclusively against the Communist threat.[3] However, the 1952 Act broadened the scope of the interdiction of paragraphs (27), (28) and (29) of section 212(a). The Congress has plenary and unqualified power to determine what classes of aliens may be permitted to enter the United States.[4]

While the actions of the applicant would undoubtedly arouse the sympathy of many United States citizens and would be popular with many opposed to Castro and what he represents, it is nonetheless true that his activities would appear to violate the proscriptions contained in sections 212(a)(27) and (29) of the Immigration and Nationality Act. The applicant has been active in Canada and has condoned and encouraged similar action in the United States. There is reasonable

---

[1] *Ahrens* v. *Rojas*, 292 F. 2d 406 (5th Cir., 1961), a decision contrary to the holding in *U.S. ex rel. Paktovorics* v. *Murff*, 260 F. 2d 610 (2d Cir., 1958).

[2] Senate Report No. 1515 (81st Cong., 2d Sess. 1950), 800.

[3] Gordon and Rosenfield, *Immigration Law and Procedure* (1966 ed.), 2-222.

[4] THE CHINESE EXCLUSION CASES (*Chae Chan Ping y. United States*, 130 U.S. 581 (1889); *Fok Young Yo* v. *United States*, 185 U.S. 296 (1902); *Shaughnessy* v. *Mezei*, 345 U.S. 206 (1950)).

ground to conclude that he would continue such prohibited activity in the United States and that he seeks entry solely, principally or incidentally to engage in activity prejudicial to the public interest. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be dismissed and that the alien be excluded solely on the first and third grounds set forth in the caption.