Felipe CUEVAS–CUEVAS, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 74–2799.

United States Court of Appeals,
Ninth Circuit.

Oct. 2, 1975.

Stephen L. Yun, Brennan, Harrison &
Yun, Sacramento, Cal., for petitioner.

John L. Murphy, Chief, Gov't Regula-
tions Section and John Harris, Crim.
Div., Dept. of Justice, Washington, D. C.,
for respondent.

## OPINION

Before BROWNING and TRASK, Cir-
cuit Judges, and SWEIGERT,* District
Judge.

PER CURIAM:

This petition seeks review of a final
decision of the Board of Immigration
Appeals dated March 25, 1974, finding
the petitioner, Felipe Cuevas-Cuevas, de-
portable from the United States under 8
U.S.C. § 1251(a)(13).[1]

Mr. Cuevas, a native and citizen of
Mexico was admitted to the United
States for permanent residence on Octo-
ber 23, 1967. He has maintained his res-
idence in the United States since that
date. On February 20, 1973, he departed
from the United States with the stated

---

* Honorable William T. Sweigert, United States
District Judge for the Northern District of Cal-
ifornia, sitting by designation.

1. Section 241(a) of the Immigration and Na-
tionality Act, 8 U.S.C. § 1251(a), provides, in
pertinent part, as follows:

"Any alien in the United States (including an
alien crewman) shall, upon the order of the
Attorney General, be deported who—

(13) prior to, or at the time of any entry, or
at any time within five years after any entry,
shall have, knowingly and for gain, encour-
aged, induced, assisted, abetted, or aided any
other alien to enter or to try to enter the
United States in violation of law; . . . ."

purpose to visit his mother in Baja, California and to return to the United States on March 5, 1973. He did return on March 4, after an absence of twelve days.

On March 5, 1973, Cuevas was convicted upon his plea of guilty, of violating 8 U.S.C. § 1325 and 18 U.S.C. § 2, to-wit, that on March 4, 1973, he did "knowingly and wilfully aid, abet and assist" certain aliens in entering the United States at a time and place other than as designated by Immigration officers.

Deportation proceedings were thereafter instituted against him under section 241(a)(13) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(13). The immigration judge found him to be deportable and upon appeal the Board of Immigration Appeals affirmed.

■ Petitioner's plea of guilty established that he knowingly abetted and aided other aliens to enter the United States in violation of law within the meaning of 8 U.S.C. § 1251(a)(13). Whether or not these acts were "for gain" became a matter of credibility when some of the evidence indicated that Cuevas was to share in the money paid by the aliens for helping them enter the United States and some evidence was to the contrary. The magistrate believed the evidence which indicated Cuevas was to be paid and the Board accepted this view of the facts. Constrained by the narrow scope of review accorded to us, Martin-Mendoza v. Immigration and Naturalization Serivce, 499 F.2d 918, 920 (9th Cir. 1974), cert. denied, 419 U.S. 1113, 95 S.Ct. 789, 42 L.Ed.2d 810 (1975), we also accept the view of the facts adopted by the Board.

■ The next question is whether there was an "entry" within the meaning of the statute, 8 U.S.C. § 1101(a)(13). Petitioner relies heavily upon Rosenberg v. Fleuti, 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963) and the language of the Court construing the exception of the statute as meaning "an intent to depart in a manner which can be regarded as meaningfully interruptive of the alien's permanent residence." Id. at 462, 83 S.Ct. at 1812. We have recently considered this argument in Palatian v. Immigration and Naturalization Service, 502 F.2d 1091, 1092–93 (9th Cir. 1974). There the unlawful conduct was an attempt to smuggle marijuana into the United States. We pointed out that the Court in Fleuti had commented in some detail on its use of the quoted language and had explained that one of the relevant factors was "the purpose of the visit, for if the purpose of leaving the country is to accomplish some object which is itself contrary to some policy reflected in our immigration laws, it would appear that the interruption of residence thereby occurring would properly be regarded as meaningful." Id. at 1092. We also decided that the fact that the intent to do the unlawful act was not formed until after the petitioner had departed the country was not controlling. The visit lost its innocent purpose when Cuevas decided to engage in the unlawful act. Palatian v. Immigration and Naturalization Service, supra at 1093.

The decision and order of the Board of Immigration Appeals is affirmed.

BROWNING, Circuit Judge (concurring):

I concur under the compulsion of the holding in Palatian v. Immigration & Naturalization Service, 502 F.2d 1091 (9th Cir. 1974), that an "entry" is conclusively established by proof of unlawful conduct by an alien while abroad, regardless of other indicia of the alien's actual intention. In my opinion, however, Palatian fails to give reasonable scope to the holding of Rosenberg v. Fleuti, 374 U.S. 449, 462, 83 S.Ct. 1804, 1812, 10 L.Ed.2d 1000 (1962), that an "entry" occurs only when there is "an intent to depart in a manner which can be regarded as meaningfully interruptive of the alien's permanent residence." Palatian adopts a mechanical and restrictive interpretation of Rosenberg v. Fleuti, inconsistent with that applied in such cases as Vargas-Banuelos v. Immigration & Naturalization Service, 466 F.2d 1371

(5th Cir. 1972); *Yanez-Jacquez v. Immigration & Naturalization Service*, 440 F.2d 701 (5th Cir. 1971); *Lozano-Giron v. Immigration & Naturalization Service*, 506 F.2d 1073 (7th Cir. 1974). Controlling weight should not be given to only one of several factors the Supreme Court stated could support an inference of "intent to depart," when the evidence as a whole strongly suggests a contrary intent, as it does in this case.