Adan Enciso MIRAMONTES,
Petitioner-Appellant,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent-Appel-
lee.

No. 79–7431.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 1980.

Decided Sept. 29, 1980.

Gary H. Manulkin, Los Angeles, Cal., on brief; John Stephen Glaser, Los Angeles, Cal., argued, for petitioner-appellant.

Carolyn M. Reynolds, Los Angeles, Cal., for respondent-appellee.

Before CHAMBERS and POOLE, Circuit Judges, and WHELAN, District Judge.*

PER CURIAM.

Miramontes seeks review by this Court of the Order of the United States Department of Justice, Board of Immigration Appeals, entered on July 23, 1979. Such Order denied petitioner's motion to reopen deportation proceedings and allowed the Immigration Judge's Order to deport petitioner to stand.

Petitioner contends first that he should not be deported for the reason that he is one of that class of illegal aliens who is protected from deportation by an injunction issued by the United States District Court in Illinois in 1977. Such injunction enjoined the Government from deporting any illegal alien who is in the United States by virtue of an illegal entry or reentry before March 10, 1977, and who prior to such date had a time set for a priority hearing by United States Consul.

The records disclose that prior to March 10, 1977, petitioner had secured a priority hearing date and, further, that petitioner had come to the United States in 1969 under a Border Crossing Card good for 72 days visit. However, when petitioner was apprehended by Immigration investigators

* Honorable Francis C. Whelan, United States District Judge, Central District of California, sitting by designation.

in September, 1977, he stated, according to the testimony of the Immigration investigator at the hearing before the Immigration Judge, that he had entered the United States without inspection in July, 1977, after a one day trip to Mexico to visit his sick father.

He further stated to the Immigration investigator that he had paid a smuggler $50 to assist him in crossing the border undetected. When questioned by the Judge about having made this statement, Miramontes replied, "whatever the others were saying I said."

At the hearing Miramontes also testified that he had lied when he told the Immigration investigator that he had gone to Mexico to see his ill father and when he stated that he had entered the United States without inspection in July, 1977. He testified he had not gone to Mexico in 1977 and had not re-entered the United States in 1977.

The Immigration Judge found that petitioner did enter the United States in July of 1977 without inspection and concluded that petitioner had entered the United States illegally in July, 1977. In making his finding, the Immigration Judge specifically stated that he did not believe the testimony of petitioner given on the witness stand in the hearing before the Immigration Judge, and the Immigration Judge pointed out that the hearing testimony was thoroughly self serving in nature and incredible.

The Immigration Judge found that petitioner was not protected by the injunction issued in the Chicago case hereinbefore referred to, which case is *Silva v. Levi*, No. 76 C 4268 (N.D.Ill., March 22, 1977), *rev'd on other grounds*, 605 F.2d 978 (7th Cir. 1979). He held that the United States was not enjoined from deporting petitioner because of the fact that petitioner, in July, 1977, illegally entered the United States by entering without inspection. We agree. This Court has held that the achievement of an unlawful purpose in connection with the absence makes a departure "meaningfully interruptive" within the meaning of *Rosenberg v. Flueti*, 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963). *Palatian v. I & NS*,

502 F.2d 1091, 1093 (9th Cir. 1974); *Cuevas-Cuevas v. I & NS*, 523 F.2d 883, 884 (9th Cir. 1975).

If the purpose of the trip was to achieve an object contrary to the policies reflected in our immigration laws then the absence would appear to be "meaningful." *Flueti, supra*, at 462, 83 S.Ct. at 1812. This Court in *Palatian, supra*, held that the time at which the intent to achieve the unlawful purpose was formed is not controlling and may develop after the initial departure of the alien. *Id.* at 1092–94. In *Palatian*, a two and one-half day absence was found meaningful where the appellant attempted to smuggle 55 pounds of marijuana through customs. The Court found Palatian's activities violated the immigration laws (8 U.S.C. § 1182(a)(23)) and that this was sufficient to find his absence disruptive of his resident status.

Similarly, in *Cuevas-Cuevas, supra*, this Court found a 12 day absence to meaningful. There the appellant left the country with the intent of visiting his mother in Mexico for two weeks. While there he decided to assist a group of aliens in illegally crossing the border. The Court ruled this activity violated 8 U.S.C. § 1325, and thus made his absence sufficiently disruptive for his reentry to be deemed an "entry" under 8 U.S.C. § 1101(a)(13).

◼ We hold that the finding of the Immigration Service and its ruling that Plaintiff is deportable is fully supported by the evidence and is in accordance with law.

Petitioner's next contention is that the Board of Immigration Appeals abused its discretion in denying the application for suspension of deportation. Petitioner asserts that he is eligible for suspension of deportation under the provisions of Section 244(a)(1) of the Immigration and Nationality Act. Petitioner contends he and his two United States citizen children will suffer extreme hardship if he is deported.

◼ However, the Immigration Judge found petitioner did not establish that he and his children would suffer extreme hardship if petitioner was deported. The Immi-

gration Judge found petitioner's evidence of hardship proved only economic detriment which standing alone does not establish extreme hardship. *Blanco-Domingue v. I & NS*, 528 F.2d 382 (9th Cir. 1975). The Immigration Judge found and held that petitioner had not satisfied his burden of proving he was entitled to suspension of deportation. We agree, and hold the Board of Immigration Appeals did not abuse its discretion in denying suspension of deportation.

The Board of Immigration Appeals affirmed the Order of the Immigration Judge, who ordered that petitioner be granted voluntary departure from the United States and that in the event he did not voluntarily depart an order for his deportation would become immediately effective. The decision of the Board of Immigration Appeals is AFFIRMED.