262 F.2d 665
 Edgar Allan GALLEGOS and Gloria Gallegos, also known as Ana
Gloria Sasso Valdivieso, Appellants,
v.
Richard C. HOY, as District Director for the Los Angeles
District, Immigration and Naturalization Service,
United States Department of Justice, Appellee.
 No. 15744.
 United States Court of Appeals Ninth Circuit.
 Dec. 29, 1958.
 
 David O. Marcus, Los Angeles, Cal., for appellants.
 Laughlin E. Waters, U.S. Atty., Richard A. Lavine, Mary G. Creutz, Asst. U.S. Attys., Los Angeles, Cal., for appellee.
 Before POPE, CHAMBERS and HAMLEY, Circuit Judges.
 CHAMBERS, Circuit Judge.
 
 
 1
 The alien appellants, husband and wife, are under orders of deportation. The husband is a citizen of Nicaragua and the wife a citizen of El Salvador. Both Legally entered the United States for permanent manent residence, he in 1945 and she in 1951.
 
 
 2
 The events which have brought the appellants to the gate of deportation revolve around an alien girl Hilda Medrano-Represa from El Salvador. Hilda came out of El Salvador to Tijuana, Mexico, early in 1954, with Mr. and Mrs. Gallegos coincident with the return of the couple to the United States after a visit in El Salvador. Hilda was to work as a domestic for the couple at Los Angeles. For several weeks Hilda waited in Tijuana while an attempt was being made in her behalf to secure her legal admission into the United States. Eventually, in April, Hilda crossed into the United States avoiding immigration officers and procedures. The reason may have been impatience with immigration procedures or it may have been that the Gallegos could no longer find a place in Tijuana for the girl to stay. While at various times, under oath, the appellants and Hilda have varied their accounts of Hilda's crossing, there is ample evidence that within five years after their last entry (from Tijuana) Mr. and Mrs. Gallegos did encourage, induce, assist, abet or aid an alien (Hilda) to enter the United States in violation of law. See 8 U.S.C.A. 1251(a)(13).
 
 
 3
 The only serious question is whether it was done for 'gain' as required by the statute. At no time after coming into the United States where she has been working for appellants has Hilda received over $20.00 or $25.00 per month plus her room and board. This domestic service at home to look after the couple's small child and take care of the house has enabled Mrs. Gallegos to get outside employment.
 
 
 4
 Upon review the district court upheld the deportation orders and we affirm.
 
 
 5
 Evidence was received that the going wage for comparable work in the Los Angeles area at times pertinent was about $100.00 per month plus room and board. In fact one could almost take judicial notice that the going rate was more than the amount paid.
 
 
 6
 No doubt Congress, in putting into the statute the prerequisite of gain, did not mean to apply the peppercorn standard of contract consideration, but we are satisfied the requirement is met if the gain is real, moneywise. Here it was.
 
 
 7
 While just bringing in an alien illegally is not enough to ground the deportation that the record does not show reasonable, criminal offense. When we have it clear enough that the bringing in was not done for either love, charity or kindness, but for tangible substantial financial advantage, we hold the condition has been met. Perhaps in another case the gain might be only that the person brought in showed promise of being a more reliable employee for the same price than could be found in the domestic market.
 
 
 8
 One can be cynical about the rusult here if one only thinks of the deportation as occasioned by the failure to pay the going wage. (Here, though, there was quite a disparity.) But the respondents are being deported here for illegally bringing Hilda into the United States with the additional element of gain.
 
 
 9
 We find no merit in the contentions that the record does not show reasonablE substantial and probative evidence supporting the administrative decisions on the issues before. And the evidence to which appellants take exception, we believe to have been properly admitted.
 
 
 10
 The judgment of the district court is affirmed.