MATTER OF CORRAL-FRAGOSO*

In Deportation Proceedings

A-6127552

*Decided by Board March 23, 1966*

The judicial recommendation against deportation pursuant to section 241(b)
(2), Immigration and Nationality Act, as amended, made by the court
following respondent's conviction for violation of 8 U.S.C. 1324(a)(2), is
ineffective to defeat his deportation under section 241(a)(13) of the Act for
knowingly and for gain assisting other aliens to unlawfully enter the
United States.

CHARGE:

Order: Act of 1952—Section 241(a)(13) [8 U.S.C. 1251(a)(13)]—Knowingly and for gain encouraged, induced, assisted,
abetted or aided any other alien to enter the United
States in violation of law.

The case comes forward on motion of counsel requesting that the
matter be reopened, reconsidered and reversed.

The record relates to a native and citizen of Mexico, a permanent
resident who was found deportable by a special inquiry officer on October 22, 1965 on the charge stated above based upon events which occurred on or about July 1965. The special inquiry officer found respondent ineligible for discretionary relief and ordered deportation.

The present motion is supported by a certified copy of an order of
judgment entered in the United States District Court for the Western District of Texas, El Paso Division, entered November 12, 1965
in which the respondent was convicted upon his plea of guilty of the
offense of knowingly and unlawfully transporting aliens in the United
States in violation of section 1324(a)(2), Title 8, United States Code,
sentence was deferred until November 12, 1965, the respondent was
sentenced to one month on each five counts consecutively, the sentences suspended, defendant placed upon probation for a period of
one year; further ordering counts 6, 7, 8, 9, and 10 be dismissed. In

---

* See also. *Matter of Corral-Fragoso*. Int. Dec. No. 1549. of which the alien
in this case is also the subject.

addition, the court recommended that the defendant be not deported under section 1251(b)(2), Title 18, United States Code (*sic*).

The recommendation against deportation was made in accordance with the provisions of 8 U.S.C. 1251(b)(2), (section 241(b)(2) of the Immigration and Nationality Act), which provides that the provisions of section 241(a)(4) respecting the deportation of an alien convicted of a crime or crimes shall not apply if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within 30 days thereafter, a recommendation to the Attorney General that such alien not be deported.

It is believed that the decision in the case of *Jew Ten* v. *Immigration and Naturalization Service*, 307 F.2d 832 (1962), cert. denied, 371 U.S. 968, is dispositive of the instant case. In that case the alien was on February 15, 1954 convicted of conspiracy to assist other aliens who entered the United States in violation of law and the District Court, pursuant to the provisions of section 241(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1251(b)(2), recommended that the petitioner be not deported. Thereafter a special inquiry officer on July 18, 1955 directed the alien to be deported from the United States under section 241(a)(13) of the Immigration and Nationality Act, the decision being affirmed by the Board on December 20, 1955.

The court held that section 241(b) can only mean that the sentencing court is limited to making recommendations in 241(a)(4) convictions. The defendant however was found to be deportable under section 241(a)(13). The only significance attached to the petitioner's conviction was that the conviction made it easier to prove that the alien did in fact commit acts proscribed by section 241(a)(13). The judicial recommendation that an alien convicted of conspiracy to assist other aliens who entered the United States in violation of the law be not deported, while rendering inapplicable the statutory provision permitting deportation of aliens under section 241(a)(4), did not preclude deportation under section 241(a)(13) of the Immigration and Nationality Act.

We believe the cited case is dispositive of the issue. Here, the respondent was found deportable, not under section 241(a)(4) of the Immigration and Nationality Act, but under section 241(a)(13) for knowingly and for gain assisting other aliens who entered the United States. The recommendation against deportation pursuant to section 241(b)(2) is ineffective to defeat deportation. The motion will be denied.

**ORDER:** It is ordered that the motion be and the same is hereby denied.