MATTER OF ARTHUR

In Exclusion Proceedings

A-15574761

Decided by Board August 23, 1978

(1) Where smuggled aliens gave applicant for admission $200 to "get papers," in addition to money for gas, and applicant was making the trip for his own reasons in any event, finding that the applicant was smuggling aliens for "gain" in violation of section 212(a)(31) 8 U.S.C. 1182(a)(31) was warranted [Ribeiro v. INS, 531 F.2d 179 (3 Cir. 1976) distinguished].

(2) Immigration judge properly found that the standard of proof formulated by the Supreme Court of the United States in Woodby v. INS, 385 U.S. 276 (1966), does not apply to exclusion proceedings.

EXCLUDABLE: Act of 1952—Section 212(a)(31), I. & N. Act [8 U.S.C. 1182(a)(31)]— Smuggling for gain

ON BEHALF OF APPLICANT: Timothy S. Barker, Esquire
Legal Aid Society of San Diego, Inc.
1760 North Euclid Avenue
San Diego, California 92105

BY: Milhollan, Chairman; Appleman, Maguire, and Farb, Board Members

This case presents an appeal from a decision of the immigration judge on June 26, 1978 ordering that the applicant be excluded and deported from the United States. The appeal will be dismissed.

The applicant is a married native and citizen of Panama, age 27, who was admitted to the United States in March, 1975 upon his knowingly false representation that he was a crewman stationed aboard a ship anchored off the coast of this country. The applicant failed to depart within his authorized period of time not to exceed 29 days, but rather remained here and married a United States citizen in August, 1975. During a visit to Panama in early 1978, the applicant arranged to illegally transport certain aliens into the United States in return for their payment of travel expenses and certain other remuneration. The applicant's clandestine efforts failed and he was apprehended and paroled into the United States pursuant to section 212(d)(5) of the Immigration and Nationality Act, 8 U.S.C. 1182(d)(5), as amended. On June 2, 1978, the applicant was convicted in the United States District

Court for the Southern District of California, upon his plea of guilty to violations of 18 U.S.C. 371 and 8 U.S.C. 1325. At the applicant's exclusion hearing, it was contended *inter alia* that the Service had failed to establish its standard of proof by clear, convincing, and unequivocal evidence.

The immigration judge found that the amounts received by the applicant from the aliens, en route from Panama to the United States, did constitute "gain" as that term is used in section 212(a)(31) of the Act. The immigration judge further found that the applicant's reliance upon the decision in *Woodby* v. *INS*, 385 U.S. 276 (1966) was not well-placed since, as the Board has pointed out in *Matter of Moore*, 13 I. & N. Dec. 711 (BIA 1971), the standard formulated in *Woodby, supra,* "applies only to deportation proceedings."

We agree. Upon review of the record, including the contentions of the applicant in his brief on appeal, we conclude that the decision of the immigration judge was correct. Section 212(a)(31) of the Act specifically includes among those classes of aliens who shall be ineligible to receive visas and shall be excluded from admission into the United States "Any alien who at any time shall have, knowingly and for gain, encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law." The applicant clearly comes within the purview of this provision of the statute.

In *Ribeiro* v. *INS*, 531 F.2d 179 (3 Cir. 1976), a case relied upon by counsel, the court held that $50.00 of the total amount that the alien was to be paid for transporting other aliens from Montreal into the United States might have been reimbursement for expenses incurred over and above his initial cash outlay of $100 and was not satisfactory evidence that he had acted "for gain." The court stated that a common sense interpretation of the phrase "for gain" requires the prospect of an excess of tangible return over expenditure in a particular transaction. In the instant case, we have testimony by passenger Granville Powell-Thompson that he gave the applicant approximately $200 in advance to enable the latter to get his papers at the American Embassy in Panama (Tr. pp. 47, 52, 58). Thompson's brother testified in a like manner (Tr. pp. 62, 68, 73) and their testimony was found credible by the immigration judge. Although counsel acknowledged the above testimony of the brothers concerning their financial assistance in gaining the entry documents (Brief p. 8), the applicant alleged that he received money only for gas from the Thompson brothers in Panama (Tr. p. 112). The immigration judge found that the applicant's memory was faulty.

This case is distinguishable from *Ribeiro*, where the alien went out of his way to deliver his passengers to the destination of their selection. Here, the applicant wanted to go to the United States from Panama for his own reasons; an immigrant visa had been issued to him. Under such

559

circumstances said the court in *Ribeiro*, an expectation of "gain" from the collection of money for gasoline could reasonably be found. 531 F.2d at 180.

Under the provisions of section 291 of the Act, the burden of proof is upon an applicant for admission to establish that he is not subject to exclusion. We have held that this burden never shifts, but is always on the applicant, *Matter of Rivero-Diaz*, 12 I. & N. Dec. 475 (BIA 1967). In the circumstances of this case, exclusion proceedings were proper. We conclude that the decision of the immigration judge should be affirmed.

**ORDER:** The appeal is dismissed.