MATTER OF CONTRERAS

In Exclusion Proceedings

A-36631574

*Decided by Board March 20, 1981*

(1) An absence by a lawful permanent resident alien is an interruption of residence if the attempt to come back to the United States was to accomplish some object which is itself contrary to some policy reflected in our immigration laws. *Fleuti* v. *Rosenberg*, 374 U.S. 449 (1963).

(2) Where the issue of whether an absence has been "meaningfully interruptive" within *Fleuti* v. *Rosenberg*, 374 U.S. 449 (1963), has already been determined against the applicant as the result of a criminal conviction for smuggling aliens, entry and excludability can be litigated in exclusion proceedings. *Plascencia* v. *Sureck*, 637 F.2d 1286 (9 Cir. 1980), distinguished.

(3) Where the primary purpose of an alien's departure was to assist an undocumented alien to surreptitiously enter the United States, for $100, in violation of section 212(a)(31) of the Act the alien was making an "entry" into the United States even though he was absent for only 3 hours.

(4) Smuggling for gain is established when there is a tangible substantial financial advantage to the alien. *Ribeiro* v. *INS*, 531 F.2d 179 (3 Cir. 1976) distinguished.

EXCLUDABLE:
    Order: Act of 1952—Sec. 212(a) (31) [8 U.S.C. 1182(a)(31)]—Knowingly aiding attempted
               illegal entry for gain

ON BEHALF OF APPLICANT:  John J. Suter, Esquire
                                   10181 Westminster, Suite 1
                                   Garden Grove, California 92643

BY:  Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members

In a decision dated March 20, 1980, an immigration judge found the applicant excludable under section 212(a)(31) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(31), and ordered his exclusion and deportation from the United States. The applicant has appealed. The appeal will be dismissed.

The applicant is a 30-year-old married male alien, a native and citizen of Mexico. He was admitted to the United States as a lawful permanent resident on October 18, 1978. On May 6, 1979, the applicant left the United States and drove to Mexico where he remained for 3 hours. He then attempted to reenter the United States with a man concealed in

30

the back of his vehicle but the man was discovered at the border. After being advised of his rights, the applicant then gave a statement to an immigration inspector in which he stated that he had gone to Mexico to bring a man into the United States for a friend who was going to pay him $100.

On May 7, 1979, the applicant was convicted in United States District Court for the Southern District of California upon a plea of guilty for conspiracy to aid and abet the illegal entry of aliens in violation of Title 18 U.S.C. 371, Title 18 U.S.C. 2, and Title 18 U.S.C. 1325. The applicant's sentence as to imprisonment was suspended and he was placed on probation for 2 years and fined $150.

Section 212(a)(31) of the Act renders excludable any alien who at any time shall have, knowingly and for gain, encouraged, induced, assisted, abetted, or aided any alien to enter or to try to enter the United States in violation of law.

The immigration judge found that the applicant was making an entry at the time he was stopped at the border within the meaning of section 101(a)(13) of the Act, 8 U.S.C. 1101(a)(13), and is therefore properly in exclusion proceedings. The immigration judge found that even though the applicant was only absent from the United States for 3 hours, his departure cannot be characterized as innocent, brief, and casual in nature. The primary purpose for the applicant's departure from the United States was to assist an undocumented alien to surreptitiously enter the United States for $100 that was to be paid on his return. *Longoria-Castenada v. INS*, 548 F.2d 233 (8 Cir. 1977); *Cuevas-Cuevas v. INS*, 523 F.2d 883 (9 Cir. 1975); *Vargas-Banuelos v. INS*, 466 F.2d 1371 (5 Cir. 1972); *Matter of Valencia-Barajas*, 13 I&N Dec. 369 (BIA 1969).

The immigration judge further found that the applicant had acted "for gain" within the meaning of section 212(a)(31) of the Act. The applicant in his sworn statement given on May 21, 1979, stated that he did not know the man he was to pick up but that he had his name and the hotel at which he was to meet him written down on a piece of paper. The applicant further stated that his friend was going to give him $100 to bring the man in and that he did not know what arrangements were made between his friend and the man.

Based on the above, the immigration judge concluded that the applicant is excludable from the United States within the provisions of section 212(a)(31) of the Act for having knowingly for gain encouraged, induced, assisted, abetted, or aided an alien to enter or to try to enter the United States in violation of the immigration laws.

On appeal, the applicant, through counsel, contends that the Service has failed to show that he acted for gain and therefore cannot be found excludable under section 212(a)(31) of the Act.

The first question presented is whether or not the applicant is prop-

erly in exclusion proceedings. We find that he is. In the Ninth Circuit case of *Palatian* v. *INS*, 502 F.2d 1091 (9 Cir. 1974), the court held that an interruption of residence would properly be regarded as meaningful, thereby making the attempted return an "entry" within the meaning of section 101(a)(13) of the Act, if the attempt to come back to the United States was to accomplish some object which is itself contrary to some policy reflected in our immigration laws. The facts of the present case are similar to those in *Palatian* v. *INS*, *supra*. In the instant case, the applicant was convicted for conspiracy to aid and abet the illegal entry of aliens in a criminal proceeding. Subsequent to this, exclusion proceedings were commenced under section 212(a)(31) of the Act to determine if in fact the conduct of the applicant was such to render him excludable.

Further, we find that this case is distinguishable from the facts of the recent decision of the Ninth Circuit in *Plasencia* v. *Sureck*, 637 F.2d 1286 (9 Cir. 1980). In this case, the court held that where "the issue in the case was simply whether, as a matter of law, the undisputed smuggling was or was not an 'entry' within the meaning of *Fleuti* v. *Rosenberg*, 374 U.S. 449 (1963)," the issue was properly decided in an exclusion proceeding. The court went on to say that the *Plasencia* decision only applies to cases in which a permanent resident is returning from a visit abroad and the question is whether the visit was "meaningfully interruptive" of the alien's American residence. In such cases the issues of "entry" and excludability must be litigated in deportation proceedings. In the case at hand, as in *Palatian*, the question of "meaningfully interruptive" has already been determined as a result of the criminal conviction. Therefore, according to the decision in *Plasencia*, the issues of entry and excludability can be litigated in an exclusion proceeding.

We concur with the finding of the immigration judge that the applicant is excludable under section 212(a)(31) of the Act. The record clearly establishes that the applicant was detained at the border after attempting to enter the United States with an undocumented alien concealed in the back of his car. Further, he was convicted in the Federal District Court upon a plea of guilty for the crime of aiding and abetting an alien to make an illegal entry into the United States. The applicant's plea of guilty to the Title 18 U.S.C. 1325 offense establishes the first element required to show that he knowingly aided and abetted another alien to enter the United States in violation of law. *See Cuevas-Cuevas* v. *INS*, *supra*. The applicant's conviction is a matter of record and the immigration judge may not go behind it to make an independent determination of guilt or innocence. *Aguilera-Enriquez* v. *INS*, 516 F.2d 565 (6 Cir. 1975). The only serious question is whether it was done for "gain" as required by section 212(a)(31) of the Act and not merely just the bringing in of an alien illegally. This condition has been met when it is clear

that the bringing in was not done for either love, charity, or kindness, but for tangible substantial financial advantage. *Gallegos* v. *Hoy*, 262 F.2d 665 (9 Cir. 1958). The record clearly establishes that the applicant was to be paid $100 for this assistance and that he did not know the man he was to bring into the United States. We agree with the immigration judge's finding that this payment cannot be characterized as expenses only. Considering the short distance traveled, the $100 was not a minimal payment. *Matter of Arthur*, 16 I&N Dec. 558 (BIA 1978).

We further find that the instant case is distinguishable from *Ribeiro* v. *INS*, 531 F.2d 179 (3 Cir. 1976) in that the Service has shown that the applicant acted for gain by clear, convincing, and unequivocal evidence. The $100 was clearly beyond an amount that can be characterized as reimbursement for expenses incurred. This case is also distinguishable from *Pryce* v. *INS*, 568 F.2d 278 (2 Cir. 1978), in that it is clear from the applicant's own testimony that he was to receive the $100.

We conclude, therefore, that the applicant is excludable from the United States by clear, convincing, and unequivocal evidence. There is no relief from deportation available to the applicant. Accordingly, the decision of the immigration judge is affirmed and the appeal will be dismissed.

ORDER. The appeal is dismissed.