Jorge SOTO–HERNANDEZ, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 83–4476
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 12, 1984.

---

Alpha Hernandez, Richard O. Gonzales, Del Rio, Tex., for petitioner.

Michael P. Lindemann, Charles E. Hamilton, III, Civil Division, Washington, D.C., for respondent.

POLITZ, Circuit Judge:

Petitioner Jorge Soto-Hernandez is a resident alien charged with knowingly and for gain assisting an alien, Filemon Rosas-Gallegos, to enter the United States illegally, in violation of section 241(a)(13) of the Immigration and Naturalization Act, 8 U.S.C. § 1251(a)(13). After a hearing, an immigration judge found Soto deportable and the Board of Immigration Appeals entered a per curiam order dismissing his appeal. We grant review and vacate the deportation order.

Soto, a citizen and national of Mexico, was granted permanent residency in April 1979. His wife and two small children are citizens of the United States. Soto was living and working in Florida when, in late September 1979, he returned to San Juan del Rio, Durango, Mexico, because of the illness of his father. Soto arranged for his father's medical care and, after a stay of nine or ten days, prepared to return to the United States with his wife and children. Soto was approached by Rosas, his brother-in-law, and several other men, who requested transportation to the Dallas-Fort Worth area. Soto agreed and received pesos equivalent to $36 in United States currency.

After crossing the border, Soto was stopped, arrested and ultimately charged with aiding the unlawful entry of an alien in violation of 8 U.S.C. § 1325. He pleaded guilty. Following this conviction, deportation hearings were instituted. Soto admitted all relevant facts, except the allegation that he was to receive $300 from his brother-in-law. Over objection of counsel the immigration judge allowed introduction of an affidavit of Rosas which referred to a promised payment of $300.

The immigration judge held that Soto had received "gain" for the transportation of Rosas, in violation of 8 U.S.C. § 1251(a)(13) and was thus deportable. The BIA implicitly recognized the immigration judge's error in allowing the ex parte affidavit, discounted its contents, but affirmed the finding of gain based on Soto's admission of receipt of $36 in payment of the gas and oil expenses to be incurred on the trip from San Juan del Rio, Durango to Dallas, Texas, a distance of 1,134 miles.

*Analysis*

The issue presented by the petition for review is whether Soto's transportation of Rosas was done for gain within the intendment of section 241(a)(13) of the Immigration and Naturalization Act. The statute prescribes that:

Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who . . .

prior to, or at the time of any entry, or at any time within five years after any entry, shall have, knowingly and for gain, encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law.

"For gain" is not defined in the statute, nor do we find any significant assistance in the statutory history, but we are aided by the developing jurisprudence.

We consider particularly helpful an early administrative decision defining gain. In *Matter of R___ D___*, 2 I & N Dec. 758 (BIA 1946; Attorney General 1947), an alien imported Mexican laborers for the purpose of harvesting an onion crop. The alien planned and expected a profit from each bag of onions harvested by the illegal workers. The Commissioner, reversing the Board, found that the phrase "for gain" encompassed the profits the defendant anticipated from the illegal labor. The Attorney General subsequently adopted the Commissioner's view:

> I adopt the view expressed by the Commissioner that the word "gain" should be construed in a practical sense to cover cases in which illegal smuggling was encouraged or assisted for venal reasons even though the advantage which accrues to the alien be an anticipated benefit which he will receive as a result of the acts prohibited by the statute.

2 I & N Dec. at 766.

A decision by our colleagues in the Ninth Circuit further blazes the trail. In *Gallegos v. Hoy*, 262 F.2d 665 (9th Cir.1958), *cert. denied*, 360 U.S. 935, 79 S.Ct. 1456, 3 L.Ed.2d 1547 (1959), a resident alien couple arranged for the illegal entry of an alien they then employed as a domestic servant. The couple paid the alien wages substantially below the customary rate in the community. In finding gain the court stated:

> No doubt Congress, in putting into the statute the prerequisite of gain, did not mean to apply the peppercorn standard of contract consideration, but we are satisfied the requirement is met if the gain is real, moneywise. Here it was.

*Id.* at 666. The court recognized that assisting illegal entry does not result automatically in a violation of Section 241(a)(13); more is required.

> When we have it clear enough that the bringing in was not done for either love, charity or kindness, but for tangible sub-

stantial financial advantage, we hold the condition has been met.

*Id.*

More recently, in a case similar to the one before us, the Third Circuit considered the meaning of gain. In *Ribeiro v. INS*, 531 F.2d 179 (3d Cir.1976), the defendant, a resident alien, arranged for the travel of an alien from Montreal to Albany, New York. The evidence indicated that the defendant was to receive a total of $150, approximately $100 of which was to cover expenses. In defining gain, the court applied a "common sense" interpretation of the term "as requiring the prospect of an excess of tangible return over expenditure in a particular transaction." *Id.* at 180. The court suggested that the government might prove that an alien acted for gain by demonstrating that

> the consideration received was so clearly in excess of the foreseeable expenses that the alien's assertion that he did not anticipate gain must be disbelieved.

*Id.* at 181. The court vacated the order of deportation, holding that the government had failed to show by clear and convincing evidence that the alien expected to gain by his actions.

The applicable standard of proof to be applied has been established firmly and expressly by the Supreme Court. In a case such as is here presented, "no deportation order may be entered unless it is found by clear, unequivocal, and convincing evidence that the facts alleged as grounds for deportation are true." *Woodby v. Immigration Service*, 385 U.S. 276, 286, 87 S.Ct. 483, 488, 17 L.Ed.2d 362 (1966). It is apparent from the record that the government has not met this burden. There is no admissible evidence of the $300 promise. While uncontradicted hearsay may be considered in a deportation hearing, it is only admissible "if it is probative and its use is not 'fundamentally unfair so as to deprive petitioner of due process.'" *Tashnizi v. INS*, 585 F.2d 781, 782 (5th Cir.1978) (*quoting Marlowe v. INS*, 457 F.2d 1314, 1315 (9th Cir.1972)). Soto denied the statement attributable to Rosas and his counsel asked for an opportunity to

take the deposition of Rosas. This request was objected to by the government and was denied by the immigration judge, who ruled that any problem with the affidavit was overcome by Soto's plea of guilty to the charge of violating 8 U.S.C. § 1325. That plea, according to the immigration judge, constituted a "waiver of any irregularities in the statement." The immigration judge erred. We need go no further than to note that payment or promise of payment is not an element of the offense defined by 8 U.S.C. § 1325. The only credible evidence of money paid or promised is the $36 Soto admitted he received at the outset of the trip.

We agree with the Ninth Circuit that if the assistance is based on "love, charity or kindness" and not "for tangible substantial financial advantage," the gain requirement is not established. *Gallegos v. Hoy,* 262 F.2d at 666. *See also Matter of G___ M___,* 5 I & N Dec. 93 (BIA 953). We also agree with the Third Circuit that if payment includes expenses, the payment received must be "clearly in excess of the foreseeable expenses." *Ribeiro v. INS,* 531 F.2d at 181. Here the sum received is clearly far less than the transportation expenses. A payment of $36 for the gas and oil to be consumed on a trip of 1,134 miles comes to .00002799 dollars per mile. No more need be said. Soto did not realize a gain and none was anticipated.

Petition for review is GRANTED, the decision of the BIA is REVERSED and the order of deportation is VACATED.