# MATTER OF TIWARI

## In Deportation Proceedings

### A-36477665

*Decided by Board March 27, 1991*

In denying the Immigration and Naturalization Service's motion to reconsider *Matter of Tiwari*, 19 I&N Dec. 875 (BIA 1989), the Board of Immigration Appeals clarified its previous decision and explained that the trier of fact is not prohibited from making inferences from evidence introduced in deportation proceedings, but that under the circumstances of this case, the inference suggested by the Service was inadequate to establish the respondent's deportability by clear, unequivocal, and convincing evidence.

CHARGE:

Order: Act of 1952—Sec. 241(a)(13) [8 U.S.C. § 1251(a)(13)]—Smuggling for gain

Lodged: Act of 1952—Sec. 241(a)(4) [8 U.S.C. § 1251(a)(4)]—Crime involving moral turpitude

ON BEHALF OF RESPONDENT:
Mary A. McCarthy, Esquire
Jerome N. Frank Legal Services
  Organization
Yale Law School
New Haven, Connecticut 06520

ON BEHALF OF SERVICE:
Weldon S. Caldbeck
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

This case was last before the Board of Immigration Appeals on March 10, 1989, when we dismissed the Immigration and Naturalization Service's appeal from the decision of the immigration judge which had terminated the respondent's deportation proceedings. *See Matter of Tiwari*, 19 I&N Dec. 875 (BIA 1989). The Service has filed a motion to reconsider our decision. The motion to reconsider will be denied.

A motion to reconsider must state the reasons upon which the motion is based and include such precedent decisions as are pertinent. 8 C.F.R. § 3.8(a) (1990). A motion to reconsider which is based on a legal argument which could have been raised earlier in the proceedings will not ordinarily be granted. *See Matter of Medrano*, 20 I&N Dec. 216 (BIA 1990, 1991).

The Service's motion to reconsider in this case is based on one

sentence in our decision in *Matter of Tiwari, supra*. The Service objects to the sentence, which provides as follows: "An inference cannot be drawn to establish an alien's deportability, however, since inference-drawing falls short of the 'clear, unequivocal, and convincing' evidence standard that governs deportation cases." *Id.* at 879. The Service submits that this sentence is "legally unjustified" and argues that inferences drawn from circumstantial evidence have been allowed to support verdicts in both civil and criminal cases.

In the pages preceding the sentence in question, the Board reviewed the issue of whether the Service had met its burden of proving the respondent's deportability under section 241(a)(13) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(13) (1988). *Id.* at 876-79. The Service relied on a transcript from the respondent's criminal proceedings as its evidence of the respondent's deportability pursuant to section 241(a)(13). The transcript revealed that the respondent's co-conspirator in an alien-smuggling scheme acknowledged that he had agreed to pay the respondent "for his time." The Service contended that the co-conspirator's testimony demonstrated that the respondent and his co-conspirator had contemplated "an hourly wage" for the respondent's participation in the alien-smuggling scheme, and that, accordingly, the "for gain" requirement in section 241(a)(13) had been satisfied.[1] We found the co-conspirator's reference to "time," however, to be ambiguous. We determined that because there were several, equally valid meanings which could be attributed to the co-conspirator's testimony, and the Service had not submitted any additional evidence to support its interpretation of the testimony, an inference could not be drawn in the Service's favor to establish the respondent's deportability.

The sentence which the Service has scrutinized in its motion was not intended to serve as a rule of law prohibiting the trier of fact from making inferences from evidence introduced at deportation hearings. In the context of this case, however, we found that the Service's suggested inference was inadequate to establish by "clear, unequivocal, and convincing" evidence that the respondent had participated in an alien-smuggling conspiracy "for gain." When the sentence which the Service has isolated in its motion is kept in its proper context, it should be understood not as a ban on inference-drawing, but rather as an observation that, under the particular circumstances of this case, the

---

[1] We note that Congress has eliminated the "for gain" requirement from the alien-smuggling ground of deportability. *See* the Immigration Act of 1990, Pub. L. No. 101-649, § 602(a), 104 Stat. 4978, 5077-78 (effective March 1, 1991) (to be codified at section 241(a)(1)(E)(i) of the Act).

suggested inference was inadequate to meet the Service's burden of proof.

Accordingly, we find no reason to disturb our prior decision in this case. The Service's motion will be denied.

**ORDER:**     The motion to reconsider is denied.