116 F.3d 483
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eliseo Manzano CALLO; Julita Collo Callo, a.k.a. Julita
Cabajar Collo; Marites Collo Callo; Hilda Collo
Callo; Rodel Collo Callo, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICES, Respondent.
 No. 96-70252.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1997**
Decided June 13, 1997.
 
 Before: GOODWIN, D.W. NELSON, TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioners, Eliseo M. Callo ("Callo"), Julita C. Callo, Rodel C. Callo, Marites C. Callo, and Hilda C. Callo (collectively the "Callo family"), petition for review of a decision of the Board of Immigration Appeals ("BIA" or "Board") denying their motion to reconsider. We deny their petition.
 
 
 3
 Petitioners are a family of six who are natives and citizens of the Philippines. Petitioner Callo entered the United States in 1979, declaring himself to be the unmarried son of a lawful permanent resident. However, he was not an unmarried person at that time as he had married petitioner Julita Callo in 1973. He also had four children born in 1974, 1975, 1976, and 1978, whom he failed to disclose on this 1979 application. After becoming a lawful permanent resident, Callo returned to the Philippines in 1981 and remarried Julita Callo.
 
 
 4
 In July of 1984, Callo filed an application to petition for naturalization. In the application and in statements under oath to a naturalization examiner, Callo lied and stated that he had married Julita Callo only in 1981 and that he had no children. He became a naturalized citizen on October 3, 1984, and in November of 1984, he submitted visa petitions for his wife and four children. They subsequently immigrated to the United States in 1987.
 
 
 5
 On January 11, 1991, Callo was convicted upon his guilty plea of violating 18 U.S.C. § 1425, which prohibits procurement of citizenship or naturalization unlawfully. The charge was that on or about October 3, 1984, he knowingly and unlawfully procured and obtained naturalization by fraud in that he claimed to be an "unmarried child" when he entered the United States but in fact he had been married since 1973. He was sentenced to two years probation and his citizenship was revoked.
 
 
 6
 In January and February of 1991, Orders to Show Cause were issued charging petitioners with being deportable under section 241(a)(1) of the Immigration and Nationality Act (the "Act"), 8 U.S.C. § 1251(a)(1), as aliens excludable at the time of their entry under section 212(a) of the Act, 8 U.S.C. § 1182(a), for lack of valid immigrant visas. Callo and Julita Callo were also charged with being deportable for obtaining their visas by fraud or by willful misrepresentation of a material fact. In addition, Callo was charged with being deportable under section 241(a)(1) based upon his January 11, 1991 conviction.
 
 
 7
 At the deportation hearing before the Immigration Judge, petitioners admitted the charges and conceded deportability. The IJ held that petitioners were not eligible for suspension of deportation because Callo could not establish that he was a person of good moral character as he had given false testimony for the purpose of obtaining immigration benefits in violation of section 101(f)(6) of the Act, 8 U.S.C. § 1101(f)(6). The IJ denied Callo's request for voluntary departure for the same reason but granted voluntary departure to the other members of the family.
 
 
 8
 Petitioners appealed the decision of the IJ to the Board. They did not contest the IJ's finding that Callo was ineligible for suspension because of section 101(f)(6). They did not contest that Callo had given false testimony to the IJ. The Board dismissed the appeal on October 19, 1994. Petitioners did not appeal this order.
 
 
 9
 On June 28, 1995, petitioners filed a motion for reconsideration of the Board's October 19, 1994 decision. Petitioners, citing Phinpathya v. INS, 673 F.2d 1013, 1018-19 (9th Cir.1981), rev'd on other grounds, 464 U.S. 183 (1984), argued that the IJ applied the wrong legal standard in determining that Callo had given false testimony. The Board denied their motion for reconsideration on March 15, 1996,[1] and the Callo family petitioned this court for review of that order on April 5, 1996.
 
 
 10
 We review the denial of a motion for reconsideration by the BIA for an abuse of discretion. See Padilla-Agustin v. INS, 21 F.3d 970, 973 (9th Cir.1994).
 
 
 11
 The Board denied petitioners' motion for reconsideration because the issue raised in the motion was not contested in the original appeal to the Board. This ruling did not constitute an abuse of discretion.
 
 
 12
 A motion for reconsideration need not be based "upon new material evidence which was not available and which the alien could not have discovered or presented at the prior hearing." See Padilla-Agustin, 21 F.3d at 977. A motion for reconsideration need only " 'state the reasons upon which the motion is based' and 'be supported by such precedent decisions as are pertinent'; it need not be based on allegations of new fact or precedent." Id. (quoting 8 C.F.R. § 3.8(a)).
 
 
 13
 However, a rule that requires the Board to grant a motion for reconsideration based on arguments and issues that could have been raised in a prior proceeding encourages alien petitioners "to withhold colorable defenses to deportation and to then file successive" motions for reconsideration and successive appeals. See Mondragon v. INS, 625 F.2d 270, 272 (9th Cir.1980); see also Matter of Tiwari, 20 I. & N. Dec. 254 (BIA 1991) (holding that "[a] motion to reconsider which is based on a legal argument which could have been raised earlier in the proceedings will not ordinarily be granted"); Matter of Medrano, 20 I. & N. Dec. 216 (BIA 1991) (same). The BIA does not abuse its discretion in preventing such dilatory tactics and in refusing to address legal arguments first raised in the motion for reconsideration. In fact, we follow a similar rule when we refuse to consider arguments presented for the first time in a petition for rehearing. See Boardman v. Estelle, 957 F.2d 1523, 1535 (9th Cir.1992).
 
 
 14
 Petitioners, who have been represented by counsel throughout their deportation proceedings, present no reason for their failure to raise the issue of what constitutes false testimony in their original appeal. If petitioners intend to claim ineffective assistance of counsel as an excuse for their failure to raise this issue, they must present their ineffectiveness claim to the BIA before seeking review in this court. See Liu v. Waters, 55 F.3d 421, 426 (9th Cir.1995); Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988).
 
 
 15
 As a basis for the Board's and our consideration of the issue of what constitutes false testimony on this motion for reconsideration, petitioners argue that the BIA addressed the issue in the prior proceedings despite the Callo family's failure to raise it, and thus they claim that the BIA and this court can reconsider the Board's earlier decision on this issue. See Sagermark v. INS, 767 F.2d 645, 648 (9th Cir.1985) (holding that the court may consider issues not raised before the BIA where the "BIA addressed [the issues] thoroughly enough to convince [the court] that the relevant policy concerns underlying the exhaustion requirement ... have been satisfied"). First, the Board never did address the issue of what constitutes false testimony in its original decision. The Board stated that because petitioners have "not contested the immigration judge's determination that [Callo's] conduct falls within the meaning of section 101(f)(6) of the Act, [it] need not address whether [petitioners'] deportation will cause [them] extreme hardship." Just noting that an issue was not raised does not qualify as a thorough consideration of the issue. Further, if the Board had addressed the issue in the original proceedings, then petitioners had to appeal that decision within ninety days, see 8 U.S.C. § 1105a(a)(1) (repealed 1996), and cannot now attempt to do so through a motion for reconsideration.
 
 
 16
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Board granted Lobel Collo Callo's, n.k.a. Lobel C. Daga, motion to reopen, and she does not petition this court for review of this BIA order