## MATTER OF MEDRANO

### In Deportation Proceedings

A-29076886
*Decided by Board September 10, 1990*

*Decided by Board February 5, 1991*

(1) The status of a lawful temporary resident alien who commits a deportable offense must be terminated pursuant to section 245A(b)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1255a(b)(2) (1988), as a condition precedent to the commencement of deportation proceedings.

(2) A motion to reconsider which is based on a legal argument that could have been raised earlier in the proceedings will be denied.

CHARGE:

Order: Act of 1952—Sec. 241(a)(11) [8 U.S.C. § 1251(a)(11)]—Convicted of controlled substance violation

ON BEHALF OF RESPONDENT:                ON BEHALF OF SERVICE:
Pro se                                  Janice B. Neetenbeek
                                        General Attorney

                                        David Dixon
                                        Appellate Counsel

BY:   Milhollan, Chairman; Dunne, Vacca, and Heilman, Board Members. Dissenting Opinion: Morris, Board Member.

### BEFORE THE BOARD
(September 10, 1990)

In a decision dated March 15, 1990, the immigration judge entered an order terminating the respondent's deportation proceedings "without prejudice to the Immigration Service to reinstitute deportation proceedings at such time as the Respondent's lawful temporary resident status has properly been terminated," and the immigration judge certified his decision to the Board pursuant to 8 C.F.R. §§ 3.1(c) and 3.7 (1990). The decision of the immigration judge will be affirmed.

The respondent is a 26-year-old native and citizen of Mexico. He entered the United States without inspection on March 25, 1980. On

March 24, 1988, the respondent was granted lawful temporary resident status pursuant to section 245A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1255a(a) (1988). On October 6, 1989, the Immigration and Naturalization Service issued an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) against the respondent, charging that he had been convicted of delivery of cocaine in violation of the Texas Penal Code on October 1, 1989, and that he was consequently deportable pursuant to section 241(a)(11) of the Act, 8 U.S.C. § 1251(a)(11) (1988). The respondent appeared pro se for a deportation hearing on October 24, 1989. After noting that the respondent had been granted temporary resident status under the Immigration Reform and Control Act of 1986, Pub. L. No. 99-603, 100 Stat. 3359, the immigration judge asked the Service attorney to submit a brief addressing the issue of whether he had the authority to proceed to a determination of the respondent's deportability in the absence of any evidence that the respondent's temporary resident status had been terminated.

The respondent's deportation hearing was continued pending the Service's submission of a brief regarding this question. In its brief submitted to the immigration judge, the Service contended that because it has exclusive jurisdiction over applications for temporary residence pursuant to section 245A(a) of the Act, the immigration judge could not make inquiries regarding the respondent's temporary resident status and had to "proceed to the merits of the deportation proceeding." The immigration judge disagreed. He reviewed the Act's provisions concerning termination of temporary residence, as well as the regulations implementing the termination procedure, and he concluded that he could not conduct the respondent's deportation hearing until the Service established that his temporary resident status had been terminated. The immigration judge then certified his decision to the Board.

The issue which this case presents is whether the Service is required to terminate, as a condition precedent to the commencement of deportation proceedings, the lawful temporary resident status of an alien who commits a deportable offense after he has acquired temporary residence in this country. At section 245A(b)(2), the Act provides:

The Attorney General shall provide for termination of temporary resident status granted an alien under subsection (a)—

(A) if it appears to the Attorney General that the alien was in fact not eligible for such status;

(B) if the alien commits an act that (i) makes the alien inadmissible to the United States as an immigrant, except as otherwise provided under subsection (d)(2), or (ii)

217

is convicted of any felony or three or more misdemeanors committed in the United States; or

(C) at the end of the thirty-first month beginning after the date the alien is granted such status, unless the alien has filed an application for adjustment of such status pursuant to paragraph (1) and such application has not been denied.

The respondent is charged with having been convicted of a drug-trafficking felony, and he is accordingly subject to having his temporary resident status terminated pursuant to section 245A(b)(2)(B) of the Act.

In accordance with the statutory mandate that "[t]he Attorney General shall provide for termination of temporary resident status" for specified aliens, the Service has promulgated regulations providing for the termination of an alien's temporary residence. *See* 54 Fed. Reg. 6504, 6511 (1989). These regulations have been codified at 8 C.F.R. § 245a.2(u) (1990).

The regulation which sets forth the procedure for the termination of temporary resident status requires that the Service issue a Notice of Intent to Terminate to the alien; that the alien be given 30 days to submit evidence in response to the termination charge; and that the Service notify the alien of an adverse decision giving reasons for that determination. 8 C.F.R. § 245a.2(u)(2) (1990). This regulation also provides that an alien may appeal an adverse decision to the Service's Administrative Appeals Unit within 30 days of the service of the termination decision. *Id.*; *see also* 8 C.F.R. § 103.3(a)(2)(i) (1990).

Furthermore, the regulations written by the Service regarding termination of temporary residence clearly contemplate that the termination process will precede the commencement of deportation proceedings against an alien:

Termination of the status of any alien previously adjusted to lawful temporary residence under section 245A(a) of the Act shall act to return such alien to the unlawful status held prior to the adjustment, *and render him or her amenable to exclusion or deportation proceedings* under section 236 or 242 of the Act, as appropriate.

8 C.F.R. § 245a.2(u)(4) (1990) (emphasis added).

On appeal, the Service has indicated that its present position is that a lawful temporary resident who commits an offense for which he becomes subject to deportation from the United States must have his temporary resident status terminated prior to the institution of deportation proceedings against him. By virtue of its position on appeal, the Service has removed its opposition to the decision of the immigration judge. Because the Service apparently intends to termi-nate, prior to the commencement of deportation proceedings, the temporary resident status of all aliens whose cases arise in the same procedural posture as the respondent's, we find no reason to disturb

218

the immigration judge's decision in this case. Accordingly, the decision below, terminating the respondent's deportation proceedings because the Service failed to present evidence to establish that the respondent's temporary residence had been terminated, will be affirmed.

**ORDER:**　The decision of the immigration judge is affirmed.

**FURTHER ORDER:**　The record is returned to the Office of the Immigration Judge.

## BEFORE THE BOARD
### (February 5, 1991)

The Immigration and Naturalization Service has filed a motion to reconsider the Board of Immigration Appeals' decision dated September 10, 1990, in which we affirmed the immigration judge's decision. In a decision dated September 27, 1990, the Board denied the Service's motion for a 30-day stay of the execution of the decision affirming the immigration judge. The motion to reconsider will now be denied.

In a memorandum dated June 14, 1990, the Board asked the Service for its opinion concerning the issue of whether an alien who commits a deportable offense after he has acquired temporary residence can "be found deportable or deported" without his temporary resident status being terminated pursuant to section 245A(b)(2)(B) of the Act. On July 6, 1990, the Service responded to the Board's query as follows: "It is the Service position that a respondent in these circumstances must first have his temporary LPR status terminated pursuant to 8 C.F.R. Sec. 245a.2(u)." The Service did not indicate in its response that it had any disagreement with the immigration judge's decision. The Board subsequently entered the decision affirming the immigration judge's order which had terminated the respondent's deportation proceedings.

In its motion to reconsider, the Service raises two arguments. It contends first that the Board's holding conflicts with the requirements of the Act regarding aliens who have been convicted of an "aggravated felony" as defined in the Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, 102 Stat. 4181. The Service also contends that immigration judges lack jurisdiction to question a Service decision to commence deportation proceedings against an alien.

We will not address the merits of the Service's arguments because no adequate explanation has been offered for its failure to raise these arguments earlier in the proceedings. Arguments for consideration on appeal should all be submitted at one time, rather than in piecemeal fashion. This is particularly true in the instant case, where the Board specifically solicited the Service's views concerning the issues presented. The Service was granted a reasonable period of time in which to

consider fully the implications of the issues and to develop its position on appeal.

Moreover, we note that in its argument concerning the Act's "aggravated felony" provisions, the Service has cited Board decisions which were not designated as precedent decisions. The regulations provide that a motion to reconsider "shall be supported by such precedent decisions as are pertinent." 8 C.F.R. § 3.8(a) (1990). Decisions which the Board does not designate as precedents are not binding on the Service or the immigration judges in cases involving the same or similar issues. *See* 8 C.F.R. § 3.1(g) (1990). We therefore do not consider the Service's reliance on Board decisions which were not designated as precedent decisions to be a persuasive ground for reconsideration. We note too that the argument in the Service's motion, that an immigration judge has no authority to review a Service decision to commence proceedings against an alien, was initially raised by the general attorney in a trial brief. The Service abandoned this argument, however, when it submitted its previous appellate position, which appeared to endorse the decision of the immigration judge.

Accordingly, because the arguments in the Service's motion were not raised when it submitted its position on appeal, and because the Service has not provided an adequate explanation for its failure to raise these arguments at an earlier stage of the proceedings, the motion to reconsider will be denied.

**ORDER:**     The motion to reconsider is denied.

*DISSENTING OPINION:* James P. Morris, Board Member

I respectfully dissent.

Our decision of September 10, 1990, was based upon the fact that the Immigration and Naturalization Service had removed its opposition to the decision of the immigration judge. Because the Service apparently intended to terminate, prior to the commencement of deportation proceedings, the temporary resident status of all aliens whose cases arise in the same procedural posture as the respondent's, we found no reason to disturb the immigration judge's decision. The Board's decision was reasonable under those circumstances. Nevertheless, I believe that the immigration judge's decision misconstrued the applicable regulation. The Service has now filed a motion to reconsider and has indicated its opposition to the construction of the regulation applied by the immigration judge.

In its decision on the motion to reconsider the Board chooses to avoid the merits of the issue because the Service has not adequately explained why the arguments made by the Service in its motion were not raised earlier in the proceedings. The Board, therefore, has decided

to deal with the case on the basis of procedural failures by the Service. Yet, if these failures are conceded, they do not preclude the Board from addressing the issue before it, i.e., must the status of a lawful temporary resident be terminated before the initiation of deportation proceedings on grounds of deportability arising subsequent to the acquisition by the alien of such status? Since the Service has moved to reconsider and has now expressed its opposition to the construction given to the regulation by the immigration judge, we now have an opportunity to correct what I perceive to be error by the immigration judge.

I would not rely on the arguments advanced by the Service in support of its motion to reconsider. Rather, I would construe the applicable regulation in a reasonable way, with the result that termination of lawful temporary resident status prior to the initiation of deportation proceedings would not be required in this case.

The regulation, 8 C.F.R. § 245a.2(u)(4) (1990), provides as follows:

*Return to unlawful status after termination.*

Termination of the status of any alien previously adjusted to lawful temporary residence under section 245A(a) of the Act shall act to return such alien to the unlawful status held prior to the adjustment, and render him or her amenable to exclusion or deportation proceedings under section 236 or 242 of the Act, as appropriate.

It is apparent from the language of the regulation that a person whose temporary status has been terminated returns to his former unlawful status and, of course, he or she is then amenable to exclusion or deportation proceedings on the basis of that unlawful status. The regulation does not say, however, that in the absence of a termination of temporary status, the alien is immune from deportation or exclusion proceedings. Such an intent would be a clear departure from the treatment given to lawful permanent residents who are deportable. I would require that any such intent be clearly manifest in the regulation and would not impose a requirement of termination on the basis of an inference that might be drawn from the provision that aliens whose temporary resident status has been terminated are subject to exclusion or deportation proceedings.

The regulation says nothing about an alien who commits a deportable offense while in lawful temporary resident status. The regulation does not require that such status be terminated in order to initiate deportation proceedings on the basis of a ground of deportation arising after the attainment of lawful temporary resident status. To impose such a requirement is to place a higher value on lawful temporary resident status than is accorded to the status of a lawful permanent resident. Section 246 of the Immigration and Nationality Act, 8 U.S.C. § 1256 (1988), provides for the rescission of the

221

adjustment of status of an alien who has been granted adjustment of status under section 245 of the Act, 8 U.S.C. § 1255 (1988). It is well established that the Service may use exclusion or deportation proceedings against a lawful permanent resident whether the alien gained resident status through entry on an immigrant visa or through adjustment of status. There is no prerequisite of revocation of the status of an alien whose status was adjusted to that of lawful permanent resident. *Monet v. INS*, 791 F.2d 752 (9th Cir. 1986); *Ubiera v. Bell*, 463 F. Supp. 181 (S.D.N.Y.), *aff'd without opinion*, 594 F.2d 853 (2d Cir. 1978); *Matter of Belenzo*, 17 I&N Dec. 374 (A.G. 1981); *Matter of S-*, 9 I&N Dec. 548 (A.G. 1962).

As a matter of logic and policy, it makes no sense to provide more protection from deportation to a temporary resident than to a lawful permanent resident. The plain language of the regulation does not require that result, nor does any language of the statute. Therefore, the Board should take this opportunity to correct the erroneous decision of the immigration judge in this case. It should not be necessary for the Service to revise the regulation in order to have a reasonable interpretation of it.

I would grant the motion to reconsider the Board's decision of September 10, 1990, and, upon reconsideration, reverse the order of the immigration judge.