**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 23-13585

Non-Argument Calendar

————————————

LAZARO PIGUEIRAS,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

————————————

Petition for Review of a Decision of the

Board of Immigration Appeals

Agency No. A012-326-182

————————————

————————————

No. 25-10001

Non-Argument Calendar

————————————

LAZARO PIGUEIRAS,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A012-326-182
_____

Before JORDAN, KIDD, and BLACK, Circuit Judges.

PER CURIAM:

Lazaro Pigueiras petitions for review of the Board of Immigration Appeals' (BIA) order affirming the immigration judge's (IJ) denial of his application for a waiver of inadmissibility under 8 U.S.C. § 1182(h)(1). Pigueiras also petitions for review of the BIA's denial of his motion for reconsideration that requested the BIA consider the implications of *Said v. U.S. Att'y Gen.*, 28 F.4th 1328 (11th Cir. 2022), which was published after the IJ's decision but prior to initial briefing in his BIA appeal, on his removability under 8 U.S.C. § 1182(a)(2)(A)(i)(II) based on Pigueiras's conviction for a "controlled substance" violation, and his eligibility for an 8 U.S.C. § 1182(h)(1)(A) waiver of inadmissibility. Pigueiras also challenges the BIA's failure to sua sponte address the implications of *Said* on his case and contends the BIA failed to follow its own legal

precedents and to give reasoned consideration in its denial of his motion to reconsider. After review,[1] we deny the petition.

### A. Jurisdiction

Pursuant to the criminal alien bar, we lack jurisdiction to consider final orders of removal against an alien found removable because he was convicted of a controlled substance offense under 8 U.S.C. § 1182(a)(2)(A)(i)(II). 8 U.S.C. § 1252(a)(2)(C). This criminal alien bar extends to motions to reopen filed by an alien found removable on the specified criminal grounds. *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1262 (11th Cir. 2003). However, this jurisdictional bar does not preclude us from reviewing constitutional claims or questions of law raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D).

Pursuant to the discretionary decision bar, we lack jurisdiction to review any judgment regarding the granting of cancellation of removal, including a waiver under 8 U.S.C. § 1182(h)(1). 8 U.S.C. § 1252(a)(2)(B)(i). The Attorney General may, in her discretion, grant a waiver of removal under 8 U.S.C. § 1182(h)(1)(A),

---

[1] We review de novo our subject matter jurisdiction over a petition for review. *Butalova v. U.S. Att'y Gen.*, 768 F.3d 1179, 1182 (11th Cir. 2014). We review de novo the BIA's legal determinations. *Poveda v. U.S. Att'y Gen.*, 692 F.3d 1168, 1172 (11th Cir. 2012). We review the BIA's denial of a motion to reconsider for abuse of discretion, which requires determining whether the BIA exercised its discretion in an arbitrary or capricious manner. *Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1242-43 (11th Cir. 2013). "The BIA abuses its discretion when it misapplies the law in reaching its decision," or when it fails to follow its own precedents "without providing a reasoned explanation for doing so." *Id.*

when the petitioner proves the criminal activities in question occurred more than 15 years prior to the petitioner's "application for a visa, admission, or adjustment of status," the petitioner is not a risk to national safety and welfare, and the petitioner is rehabilitated.  8 U.S.C. § 1182(h)(1)(A).

Because Pigueiras was convicted of a controlled substance offense under Florida law, under the criminal alien bar, we lack jurisdiction over his final order of removal and subsequent motion to reconsider, except to the extent that Pigueiras makes legal and constitutional arguments.  Further, due to the discretionary decision bar, we lack jurisdiction to consider the discretionary decisions relating to waivers of removal under 8 U.S.C. § 1182(h)(1), except to the extent that Pigueiras makes legal and constitutional arguments.

## B.  Questions of Law

In *Said v. U.S. Att'y Gen.*, we held the BIA and IJ erred by finding the petitioner was ineligible for cancellation for removal because his conviction under Florida Statute § 893.13(6)(a) for possession of marijuana could have been for the possession of something other than a federally controlled substance, as defined in 21 U.S.C. § 802, and thus "did not affect his ability to accrue the required seven years of continuous eligibility necessary for cancellation of removal."  28 F.4th at 1330-34.  It is a question of law whether, if under the rule in *Said*, Pigueiras's controlled substance violation would not constitute a basis for removability under 8 U.S.C. § 1182(a)(2)(A)(i)(II), making Pigueiras eligible for an 8 U.S.C. § 1182(h)(1)(A) waiver.  However, that question is not

23-13585　　　　Opinion of the Court　　　　　5

properly before us, as we do not consider issues not reached by the BIA. *See Ponce Flores v. U.S. Att'y Gen.*, 64 F.4th 1208, 1222 n.7 (11th Cir. 2023) (noting we do not consider issues not reached by the BIA).

First, the BIA did not reach these legal questions in its initial decision because Pigueiras, as he concedes, failed to raise these issues in his initial brief to the BIA, meaning these issues were unexhausted in his initial brief. A court can review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). To exhaust a claim, a petitioner must raise the "core issue" to the BIA and "set out any discrete arguments . . . relie[d] on in support of that claim." *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016), *overruled in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 419-23 & n.2 (2023). Instead, the BIA only addressed the issues Pigueiras rose in his initial brief: (1) whether the defective Notice to Appear stripped jurisdiction, and (2) whether Pigueiras's oldest son will experience "extreme hardship." Thus, because Pigueiras failed to exhaust his claim that he was not removable under 8 U.S.C. § 1182(a)(2)(A)(i)(II) in his initial brief to the BIA, the BIA properly did not review Pigueiras's removability and subsequent waiver eligibility, and we will not review this question in the first instance. *See Ponce Flores*, 64 F.4th at 1222 n.7; *Jeune*, 810 F.3d at 800; *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297-98 (11th Cir. 2015), *overruled in part on other grounds by Santos-Zacaria*, 598 U.S. at 419-23 (stating while a petitioner need not "use precise legal terminology" or offer well-developed arguments in support of his

claims, he must provide the BIA with sufficient information to enable it to "review and correct any errors below").

Second, while Pigueiras exhausted these legal claims in his motion to reconsider, the BIA did not reach these legal questions on the merits in its order, because in a motion to reconsider, the BIA should review its own prior decision for misapplications of law, and the BIA's prior decision did not address these legal issues. 8 C.F.R. § 1003.2(b)(1) (stating a motion to reconsider must "state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision"). Hence, the legal questions regarding *Said* are not properly before this Court, as we will not consider issues not reached by the BIA. *Ponce Flores*, 64 F.4th at 1222 n.7.

Nevertheless, there are some claims Pigueiras makes in his brief on appeal which we may address despite the jurisdictional bars because they are questions of law. 8 U.S.C. § 1252(a)(2)(D); *Jeune*, 810 F.3d at 799 (stating arguments the BIA "applied the wrong legal standard in making a determination" or it failed to give "reasoned consideration to an issue" are both questions of law). Pigueiras asserts in the October 2023 decision, the BIA "erred as a matter of law" by sua sponte failing to address the implications of *Said* on Pigueiras's inadmissibility, and by failing to consider Pigueiras's eligibility for an 8 U.S.C. § 1182(h)(1)(A) waiver. Additionally, Pigueiras contends the BIA did not follow its own precedents by failing to address his legal claims on the merits in his motion to reconsider. Finally, Pigueiras asserts the BIA failed to give "reasoned consideration" in its decision denying his motion to

reconsider when the BIA failed to address why the BIA's October 2023 decision did not consider *Said* on the merits. These arguments can be construed as asking whether the BIA gave reasoned consideration and applied the wrong legal standard. *Jeune*, 810 F.3d at 799.

We have held the BIA's "failure to divine and discuss any possible arguments [the Petitioner] might make at a future point does not reflect a lack of reasoned consideration," meaning that because Pigueiras did not bring an argument about his removability or about the availability of an 8 U.S.C. § 1182(h)(1)(A) waiver to the BIA's attention in his initial brief to the BIA, it was reasonable for the BIA not to consider these areas, even though the law changed. *Indrawati*, 779 F.3d at 1303. Pigueiras cites to 8 C.F.R. § 1003.1(d)(1) in support of his claim the BIA had an "affirmative obligation" to issue a decision that is consistent with this Court's precedent, but that regulation notes the BIA "shall resolve the questions before it," meaning the BIA did not need to review the whole decision of the IJ, only the issues before it on appeal. *See* 8 C.F.R. § 1003.1(d)(1)-(d)(1)(i) (providing the BIA "shall resolve the questions before it in a manner that is timely, impartial, and consistent with the Act and regulations," and the BIA "shall be governed by the provisions and limitations prescribed by applicable law, regulations, and procedures, and by decisions of the Attorney General"). The issues before the BIA in Pigueiras's appeal did not include questions of removability or the availability of the 8 U.S.C. § 1182(h)(1)(A) waiver, so there was no reason for the BIA in its October 2023 decision to review the portions of the decision that the legal changes from *Said*

may impact.  Further, there was no reason for the BIA in its decision of Pigueiras's motion to reconsider to review the applicability of *Said* on the legal standard for Pigueiras's removability and waiver options, because in a motion to reconsider, the BIA is only required to review its own prior decision, which did not address those issues.  Thus, the BIA did not err by failing to address the changed legal standard under *Said*.

Pigueiras's arguments the BIA made a legal error in applying BIA precedent when it denied his motion to reconsider and did not address the merits fail.  *Matter of O-S-G-*, 24 I. & N. Dec. 56, 58 (BIA 2006) ("A motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied.").  Further, to show error, Pigueiras relies on the dissent in *Matter of Medrano*, which is not authoritative, and only suggests the BIA can, but is not required to, address new legal arguments that could have previously been raised, meaning even under this standard the BIA did not commit a legal error.  20 I. & N. Dec. 216, 221 (BIA 1990).  Pigueiras also cites to *In re Ramos*, as evidence the BIA will grant a motion to reconsider based on a new argument that could have previously been raised.  23 I. & N. Dec. 336 (BIA 2002).  However, in that case, the INS pointed to a piece of information already in the record, which could be considered an "aspect of the case [that] was overlooked," and asked the BIA to consider that information in light of its decision.  23 I. & N. Dec. at 338.  Pigueiras's situation is different, as he is trying to make pure legal arguments that could have been raised previously and are not based on the BIA's first decision.  *Id.*; *Matter of O-S-G*, 24 I. & N. Dec. at 58.  Accordingly,

the BIA did not commit legal error and followed its precedents by denying Pigueiras's motion to reconsider as "[a]rguments for consideration on appeal should all be submitted at one time, rather than in piecemeal fashion." *Matter of Medrano*, 20 I. & N. at 219.

Finally, the BIA gave reasoned consideration in its motion to reconsider by accurately summarizing the procedural posture of Pigueiras's case, Pigueiras's legal arguments in his motion to reconsider, and citing relevant law governing the BIA motion to reconsider. Thus, the BIA gave enough information for the decision to be meaningfully reviewed for error. *See Jathursan v. U.S. Att'y Gen.*, 17 F.4th 1365, 1372 (11th Cir. 2021) (stating the BIA must give reasoned consideration to the issues presented to it, meaning that its decision must show it has "considered the issues raised and announced its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted"); *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 874-75 (11th Cir. 2018), *overruled in part on other grounds by Santos-Zacaria*, 598 U.S. at 419-23 (holding the BIA's analysis was sufficient to show reasoned consideration when it listed the basic facts of the case, referred to relevant statutory and regulatory authority, and accepted several grounds on which the IJ correctly denied the petitioner's request for relief). Therefore, the BIA gave reasoned consideration that could be reviewed in its motion to reconsider.

**PETITION DENIED.**